## O'FIEL v. BROOKS.

### No. 5015.

Court of Civil Appeals of Texas. Texarkana.

Nov. 4, 1936.

Rehearing Denied Nov. 12, 1936.

David E. O'Fiel and D. C. Bland, both of Beaumont, for plaintiff in error.

Edwin M. Fulton and Robert W. Cummins, both of Gilmer, for defendant in error.

HALL, Justice.

This is an action in trespass to try title brought by defendant in error against plaintiff in error and G. C. Bradfield concerning 60 acres of land, a part of the Davidson headright located in Upshur county, Tex. G. C. Bradfield was dismissed from the suit and will not be considered on this appeal. Defendant in error's petition stated a simple action in trespass to try title to the land in controversy and alleged that defendant in error and Bradfield were residents of Jefferson county, Tex. To this action plaintiff in error filed his plea of privilege to be sued in the county of his residence. This plea was controverted, and, upon hearing, the plea of privilege was overruled, to which action of the court plaintiff in error duly excepted. Subject to his plea of privilege plaintiff in error answered, alleging that he was the owner of 3/256 interest in all the minerals in and under the land in controversy. He disclaimed as to all other interest in the

land, except the right of ingress and egress. Trial was had before the court without a jury upon an agreed statement of facts, and resulted in a judgment for plaintiff in error to:

"An undivided 3/256 interest in and to all the oil, gas and other minerals in place, in and under the above described tract of land, subject to the terms of the oil and gas lease existing thereon, now owned by Magnolia Petroleum Company, and 3/256 of the ⅛ royalty on all the oil, gas and other minerals created or retained by the terms of the said lease, which is equivalent to 3/2048 of all the oil, gas and other minerals produced and saved from said lease premises, while said lease originally executed by Carrie Brooks to Rowan & Nichols and now held by Magnolia Petroleum Company and recorded in Book ——— page ——— of Oil and Gas Records of Upshur County, Texas, is in full force and effect."

Defendant in error in the judgment was given "all the oil, gas and other minerals in and under said land save and except such interest decreed in O'Fiel (plaintiff in error) as above mentioned, and the title to and possession of all oil, and gas royalty created or excepted under the terms of said lease mentioned save and except that interest decreed in the defendant (plaintiff in error) O'Fiel." From this judgment, plaintiff in error O'Fiel has prosecuted his appeal to this court.

■■■ Plaintiff in error contends, first, that the trial court erred in overruling his plea of privilege to be sued in Jefferson county, Tex. R.S. art. 1995, subd. 14, provides that:

"Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

A careful examination of plaintiff in error's petition, and we may look to the petition to determine the character of the cause of action, Walter v. Hammonds (Tex.Civ.App.) 42 S.W.(2d) 1084; Sims v. Trinity Farm Construction Co. (Tex. Civ.App.) 28 S.W.(2d) 856, reveals that the action is one vitally affecting the title to the land in controversy. The answer of plaintiff in error shows his claim to a certain interest in the land and the judgment of the lower court awards to

him an interest in the land in controversy. That this suit in reality only involved the title to a part of the minerals in and under and that may be produced from said land, would not, in our opinion, remove it from the provisions of subdivision 14, R.S. art. 1995, relating to the venue of suits with respect to the title to land. As said by Judge Levy in Nunnally v. Holt (Tex.Civ.App.) 1 S.W.(2d) 933, 934, in discussing the venue of a suit involving minerals in and under land, "It would seem that the relief sought and obtainable would be so far immediately concerned with or relating to title to realty as to operate, in view of the statute, to restrict the venue to the location of the realty." Clearly, we think, the venue of this suit was properly laid in Upshur county where the land in controversy was located.

By several assignments plaintiff in error complains of the action of the trial court in limiting his recovery to 3/2048 of the entire mineral estate in and under said land. To properly discuss these assignments, it will be necessary to state the facts with respect to the several transfers of the mineral interest in the land prior to the assignment to plaintiff in error of the interest claimed by him. From the agreed statement of facts, it appears that on September 22, 1930, defendant in error, Carrie Brooks, executed and delivered to Rowan & Nichols an oil and gas lease to the property in controversy, 60 acres of land, in which she retained a ⅛ royalty. On January 17, 1931, this lease was assigned by Rowan & Nichols to the Magnolia Petroleum Company in so far as it covered the north 50 acres of said land. On March 25, 1931, defendant in error, Carrie Brooks, executed and delivered to C. E. McWhorter, trustee, a deed to 5/128 interest "in and to all the oil, gas and other minerals in and under and that may be produced from" the land in controversy. This deed contained the further recitation:

"Together with the right of ingress and egress at all times for the purpose of mining, drilling and exploring said land for oil, gas, and other minerals and removing the same therefrom and said above described lands being now under an oil and gas lease originally executed in favor of ——— and now held by ———, it is understood and agreed that this sale is made subject to said lease, but covers and includes ——— of all of the oil royalty and

gas rentals or royalty due and to be paid under the terms of said lease in so far as it covers the above described property. It is agreed and understood that none of the money rentals, which may be paid to extend the terms within which a well may be begun under the terms of said lease is to be paid unto the said C. E. McWhorter, and in the event that the above described lease for any reason becomes cancelled or forfeited then and in that event the lease interests and all future rentals on said land for oil, gas and mineral privileges shall be owned jointly by ——— and ———, each owing ——— interest in all the oil, gas and other minerals in and upon said land, together with 5/128ths interest in all future rentals."

On April 17, 1931, defendant in error executed a power of attorney in favor of G. C. Bradfield, an attorney, authorizing him to recover for her the 5/128 royalty interest held by McWhorter, as trustee, and assigned to Bradfield ½ of said interest as his fee. Suit was thereafter filed on behalf of defendant in error against McWhorter, trustee, by Bradfield to recover the 5/128 royalty interest theretofore conveyed to McWhorter, as trustee. On January 4, 1932, the district court of Upshur county rendered judgment against McWhorter, trustee, for the 5/128 "mineral interest in and to the royalty of the oil, gas and other minerals described in said conveyance. * * *" And said judgment further decreed that "title vest in plaintiff (defendant in error) Carrie Brooks and her attorney, G. C. Bradfield of Beaumont, Texas, equally and jointly as provided by that certain contract of employment (power of attorney) entered into by and between the said Carrie Brooks and G. C. Bradfield aforesaid." Thus it will be seen that Bradfield recovered under the judgment as compensation for his employment ½ of 5/128, or 5/256 of the royalty reserved or held by defendant in error, Carrie Brooks. On September 14, 1932, following the rendition of this judgment, Bradfield conveyed to plaintiff in error 1½ parts of the interest recovered by him under said judgment, amounting to 3/256 interest.

The question to be determined here is whether the 3/256 interest conveyed to plaintiff in error by Bradfield refers to the ⅛ royalty held by defendant in error, Carrie Brooks, under the lease theretofore executed by her, or to the entire ⅝ mineral estate in and under the tract of land in controversy. It will be noted that the mineral conveyance from defendant in error, Carrie Brooks, to McWhorter, trustee, stated in plain language that the interest conveyed was subject to a lease then in existence and declared by the agreed statement of facts as of record at the time. And "covers and includes ——— of all the oil royalty and gas rentals or royalty due and to be paid under the terms of said lease." It is true that the conveyance from Carrie Brooks to McWhorter, trustee, states in the beginning that McWhorter was to receive "5/128 interest in and to all the oil, gas and other minerals in and under and that may be produced from the land." This last clause in the mineral deed, in our opinion, has reference to the 5/128 "interest in the possibility of a reverter" of the oil and gas in place under the entire tract, while the latter portion of said conveyance has reference to the present ⅛ royalty accruing or to accrue before the lease (to which this mineral conveyance is subject) terminates and the entire mineral estate reverts to the lessor, Carrie Brooks. Hoffman et al. v. Magnolia Petroleum Co. (Tex.Com.App.) 273 S.W. 828. Therefore, under the terms of the mineral conveyance from Carrie Brooks to McWhorter, 5/128 of the ⅛ royalty reserved in the lease to the property passed to McWhorter with the right to 5/128 of the whole mineral estate in the land on the termination of said lease. And the mineral interests now held by plaintiff in error, coming, as he claims, through the conveyance from Carrie Brooks to McWhorter, is 3/256 of the ⅛ royalty interest reserved under the lease with the right to 3/256 of the entire mineral estate in and under said land on the termination of said lease. That the blanks in the latter part of the mineral deed from Carrie Brooks to McWhorter, trustee, were not filled in would not, in our opinion, change the construction we have given said instrument when it is considered as a whole. The lease referred to in the mineral deed was of record at the time in the Lease Records of Upshur county, Tex., and the agreed statement of facts filed therein, upon which the trial court relied in rendering judgment, reveals the names of the lessee and lessor therein; and, further, that the parties thereto were dealing with and referred to 5/128 only of the minerals subject to the then existing oil and gas lease on the property. The above

construction of the mineral conveyance from Carrie Brooks to McWhorter is strengthened by the fact that in the power of attorney from Carrie Brooks to Bradfield with respect to the 5/128 mineral interest held by McWhorter and the judgment of the district court of Upshur county awarding the McWhorter interest to Carrie Brooks and Bradfield in equal proportions, each refer to the 5/128 interest as being royalty, showing conclusively, to our minds, that the interest being transferred and conveyed was a fractional part of the present royalty reserved in the oil and gas lease with a right to the same fractional interest in the whole of said mineral estate in the event of a reverter. Under an oil and gas lease "royalty" has been defined to be "a share of the product or profit reserved by the owner for permitting another to use the property." Indiana Natural Gas Co. v. Stewart, 45 Ind. App. 554, 90 N.E. 384, 386.; Hill v. Roberts (Tex.Civ.App.) 284 S.W. 246; 4 Words and Phrases, Second Series, p. 418, and cases there cited.

It is our opinion that the judgment of the lower court decreeing the mineral interest held by plaintiff in error to be 3/256 of the $\frac{1}{8}$ royalty interest reserved by Carrie Brooks in her lease to Rowan & Nichols with right to 3/256 interest in the entire mineral estate in said land at the date of the termination of said lease is correct and should be affirmed; and it is so ordered.