HENRY W. SCHLITTLER, JR., v. H. F. SMITH.

No. 6694. Decided February 10, 1937.
(101 S. W., 2d Series, 543.)

*Marshall & King*, of Graham, for plaintiff in error.

Under the reservation in the deed from defendant to plaintiff the defendant was entitled to a portion of the royalty rights only, and all other rights, such as bonuses, rentals or renewals passed with the deed. Hill v. Roberts, 284 S. W., 246; Curley v. Anderson, 235 S. W., 625; Morrison on Oil and Gas, 101; Smedley on Oil and Gas, 237; 54 C. J., 1107.

*T. R. Odell*, of Haskell, for defendant in error.

The reservation of H. F. Smith in the deed from him to H. W. Schlittler, Jr., was a reservation of minerals in place and not a percentage of the pipe line runs. Way v. Venue, 35 S. W. (2d) 467; Collins v. Stilger, 253 S. W., 572; Prairie Oil & Gas Co. v. Allen, 2 Fed. (2d) 566.

*Davidson, Randal & Gray*, of Dallas, fied brief as amicus curiae.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

On May 10, 1930, defendant in error, H. F. Smith, executed to plaintiff in error, Henry W. Schlittler, Jr., a general warranty deed conveying a certain tract of land in Young County, Texas. This conveyance contained the following reservation:

"Grantor H. F. Smith hereby reserves unto himself, his heirs and assigns for a period of ten years and as much longer thereafter as oil and gas or other minerals are being produced an undivided one-half interest in and to the royalty rights on all of oil and gas and other minerals in, on and under or that may be produced from the land herein conveyed and described above. In the event oil or gas or other minerals are not being produced in paying quantities from said land at the expiration of said ten year period then this reservation shall become null and void and of no further force and effect."

Afterwards a dispute arose between the grantor and the grantee as to the construction to be given this portion of the deed, and this suit resulted. We shall consider the action as one in which we are authorized to construe this provision of the

deed. The trial court held that under the conveyance the grantee was authorized to execute leases upon the land for mineral production, and that the grantor was entitled to receive one-half of all royalties received from production of oil or other minerals, in accordance with the terms of any lease executed by the grantee upon the land, but was not entitled to receive any portion of any bonuses paid for leases or any rentals for delay in operating or for renewal of privilege to operate. The Court of Civil Appeals reversed the judgment of the trial court and held that this provision constituted a reservation of a one-half interest in all oil, gas and other minerals in place, with all of the rights and privileges incident to such ownership. In other words, the effect of the opinion by the Court of Civil Appeals was that it was necessary for the grantor to join in the execution of leases, and that he would not only be entitled to one-half of all royalties, but to one-half of all bonus money and rentals. 66 S. W. (2d) 353.

The situation is narrowed and simplified by the pleadings of defendant in error, and by admissions of his counsel in oral argument. He does not contend that it is necessary that he join in leases, and his contention is limited to the proposition that he is entitled to receive one-half of all bonus money and rentals as well as of royalties. The plaintiff in error insists that he is only entitled to one-half of royalties. They do not disagree as to the meaning of "royalty rights," except that defendant in error says that it includes bonuses and rentals, while plaintiff in error says that it does not.

■ The words "royalty," "bonus," and "rentals" have a well understood meaning in the oil and gas business. Likewise, "minerals" and "mineral rights" have a well recognized meaning. Broadly speaking a reservation of minerals or mineral rights without limitation would include royalties, bonuses and rentals. A conveyance of land without reservations would include all minerals and mineral rights. However, it is well settled that a grantor may reserve minerals or mineral rights and he may also reserve royalties, bonuses and rentals, either one, more or all. Here we have a reservation of only "royalty rights." It is obvious, it seems to us, that this does not include a reservation of bonuses or rentals, but only of an interest in oil, gas or minerals paid, received or realized as "royalty" under any lease existing on the land at the time of the reservation, or thereafter executed by the grantee, his heirs or assigns.

■ A reservation of "royalty" on all oil, gas and minerals which

may be produced necessarily implies that the grantor contemplated the leasing of the land for production. He reserved no right of leasing to himself, and consequently the grantee possesses such right. The trial court held that the grantor was to receive one-half of not less than the usual one-eighth royalty reserved by lessors in oil and gas leases. There is nothing whatever to indicate that the royalty to be reserved was the usual one-eighth, although very likely neither of the parties thought it would be less. We think that self-interest on the part of the grantee may be trusted to protect the grantor as to the amount of royalty reserved. Of course, there should be the utmost fair dealing on the part of the grantee in this regard.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is reformed in so far as it decreed that the defendant in error should receive not less than one-half of the usual one-eighth royalty, and it is here held that he shall receive one-half of such royalty as may be reserved in any oil, gas or mineral lease which may be executed by the plaintiff in error, his heirs or assigns. As thus reformed, the judgment of the trial court is affirmed.

Defendant in error should pay all costs of appeal in this court.

Opinion adopted by the Supreme Court February 10, 1937.