## THEO OIL CO. v. THOMAS et al.

### No. 10079.

Court of Civil Appeals of Texas. San Antonio.

Aug. 11, 1937.

Rehearing Denied Sept. 8, 1937.

Brann Fuller, of Houston, Y. P. Broome, of Tulsa, Okl., and J. C. Wilhoit, of Houston, for appellant.

George Cannon, of San Antonio, for appellees.

SLATTON, Justice.

E. R. Thomas and others brought this suit in the nature of a trespass to try title against Theo Oil Company in Duval County, in the Seventy-Ninth district court.

The controversy is over the construction of the following instrument, to wit:

"The State of Texas ⎱
"County of Tom Green⎰

"Know All Men by These Presents:

"That I, R. L. Brown, of the County of Tom Green and State of Texas, for and in consideration of the sum of Ten Dollars to me Cash in Hand paid by Theo. W. Carter, and other valuable considerations, the receipt of which is hereby acknowledged, have granted, bargained, sold and conveyed, and do by these presents grant, bargain, sell and convey unto the said Theo. W. Carter, of the County of Travis and State of Texas, an undivided one-twenty-fourth ($\frac{1}{24}$) interest in and to the oil and gas and other minerals in and under the following described tract of land, situated in Duval County, Texas, to-wit:

"Being the East Quarter of Section No. 574, Certificate $\frac{1}{451}$, B. S. & F., and containing one hundred sixty (160) acres, more or less.

"To have and to hold the above described property unto the said Theo. W. Carter, his heirs and assigns forever; and I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend all and singular the said minerals unto the said Theo. W. Carter, his heirs and assigns, against all persons whomsoever lawfully claiming or to claim the same or any part thereof.

"The grantor herein expressly reserves to himself all rentals hereafter due on any oil and gas lease now outstanding upon the above described land, and if the above described land is not now covered by an oil and gas lease, then the grantor herein expressly reserves all bonus money and rentals on the first oil and gas lease hereafter to be executed upon the above described land by said grantor.

"Witness my hand this 26th day of September, A. D. 1928.

"R. L. Brown.

"The State of Texas }
"County of Tom Green }

"Before me, the undersigned authority, on this day personally appeared R. L. Brown, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

"Given under my hand and seal of office, this 8th day of October, A. D. 1928.

"[Seal]   Jas. B. Keating, County Clerk, Tom Green County, Texas

"By Ted. .B. Brown, Deputy."

Before the execution of the above instrument Pedro Hernandez and his wife executed and delivered to Sun Oil Company an oil and gas lease on the above-described land, dated December 12, 1922; the royalty provision of said lease was the usual one-eighth. Pedro Hernandez and his wife sold the above-described land to R. L. Brown, and R. L. Brown executed the above-described instrument to Theo W. Carter, and Theo W. Carter assigned the same to the Theo Oil Company.

It appears that the interests of appellees were obtained subsequent to the deed from R. L. Brown to Theo W. Carter, or at least a recitation of such conveyance from R. L. Brown to Theo W. Carter was in the conveyance to the appellees.

So the only question to determine in this cause is the legal effect of the instrument from R. L. Brown to Theo W. Carter fully set out above.

The appellant, Theo Oil Company, asserts that it is entitled to an undivided $\frac{1}{24}$ interest in and to the minerals in place and a $\frac{1}{3}$ undivided interest in and to the oil royalties now being held by the Sun Oil Company. On the other hand, the appellees contended in the trial court, and make the same contention here, that the conveyance from R. L. Brown to Theo W. Carter only conveyed a possibility of reverter in and to the minerals in place, and to become effective on the termination of the present lease of the Sun Oil Company.

The trial court held that the conveyance from R. L. Brown to Theo W. Carter conveyed only a possibility of reverter in and to an undivided $\frac{1}{24}$ interest in the minerals in place, to become effec-

tive upon the termination of the lease of the Sun Oil Company.

We are not in agreement with the contentions of either party or with the holding of the trial court.

It appears to us that it would not be beneficial to the parties litigant, or to the bench and bar, to reiterate here the elementary rules applicable to the construction of a deed. It seems clear to us that this conveyance from R. L. Brown, who stood in the shoes of the original lessor of the land involved, granted unto Theo W. Carter an undivided $\frac{1}{24}$ interest in and to the oil and gas and other minerals in and under the land.

■ The only reservation in the agreement was that if there was an oil and gas lease outstanding on the land that the grantor expressly reserved to himself all rentals thereafter due on such oil and gas lease, and if at the time of the conveyance there was not an oil and gas lease on the land the grantor reserved unto himself all bonus money and rentals on the oil and gas lease thereafter to be executed on the land. At the time of such conveyance there was an outstanding oil and gas lease on the land, which provided for a $\frac{1}{8}$ of the oil and gas as royalty to be paid, in the usual manner, to the lessor or his assigns. It seems to be settled in this state that a lessor of an oil and gas lease has a taxable interest in real estate. Hager v. Stakes, 116 Tex. 453, 294 S.W. 835; Sheffield v. Hogg, 124 Tex. 290, 77 S.W.(2d) 1021, 80 S.W.(2d) 741.

■ It seems, therefore, from the holding of our Supreme Court, that when an owner of the fee-simple title of real estate executes and delivers the usual oil and gas lease now in use in this state, he conveys a determinable fee of $\frac{7}{8}$ of the oil and gas in place to the lessee, and there is retained in the lessor a $\frac{1}{8}$ interest in the oil and gas in place. If that be the holding of our Supreme Court, a conveyance by R. L. Brown of an undivided $\frac{1}{24}$ interest in the minerals in place to Theo W. Carter would be a conveyance of such interest in præsenti.

■ What interest, if any, did the conveyance give to Theo W. Carter and his assigns in the royalties to be paid under the Sun Oil Company lease? We need cite no authority to show that, if R. L. Brown had conveyed the fee-simple title to said real estate to Theo W. Carter, without exception or reservation of the

minerals, it would have been a conveyance of his interest, not only to the surface of the real estate, but to the minerals embedded therein.

The conveyance was not made subject to the Sun Oil Company lease except conditionally, but it was an unqualified conveyance of an undivided $\frac{1}{24}$ interest, and the only reservation in such instrument was the payment of rentals, which has a well-defined meaning in the oil and gas business, and in the event there was not an outstanding oil lease on the land there was a reservation of bonuses and rentals.

We are of opinion that the deed conveyed to Theo W. Carter a $\frac{1}{24}$ of the royalty, which is a $\frac{1}{192}$. In the case of Gill v. Bennett (Tex.Civ.App.) 59 S.W.(2d) 473, a mineral deed was executed conveying an undivided $\frac{1}{16}$ interest in an undivided 80 acres of a 640-acre tract. Thereafter a lease was executed, the grantee in such deed joined in the subsequent lease, or at least ratified the lease. He made the contention that he was entitled to a $\frac{1}{128}$ of the minerals in the whole 640-acre tract. He was decreed a $\frac{1}{1024}$ interest in the royalty of the whole tract. Writ of error was refused in this case.

We can see no difference in a conveyance of an undivided $\frac{1}{24}$ interest in the minerals in place out of a tract of land upon which there is an outstanding oil and gas lease, and the holder of a $\frac{1}{24}$ undivided interest of the minerals in place who thereafter joins in the execution of an oil and gas lease. In either event as to the royalty he would be entitled to receive a $\frac{1}{24}$ of the $\frac{1}{8}$ royalty, and not a $\frac{1}{24}$ of the entire mineral production, in the absence of a reservation of such royalty.

From what we have said, it follows that a part of the judgment of the trial court should be reversed and that judgment should be here rendered that the interest of the Theo Oil Company be declared to be an undivided $\frac{1}{24}$ interest in and to the minerals in place, and that its interest in the royalty, payable under the Sun Oil Company lease, be decreed to be a $\frac{1}{192}$ of any and all production under said lease, and that appellees pay all costs of this court. In all other respects the judgment of the trial court is affirmed.

Reversed and rendered in part, affirmed in part.