**WATKINS et ux. v. SLAUGHTER et al.**

**No. 5649.**

Court of Civil Appeals of Texas. Amarillo.

Oct. 9, 1944.

Rehearing Denied Nov. 13, 1944.

STOKES, Justice.

On January 1, 1932, Bob Slaughter conveyed by general warranty deed to the appellant, F. G. Watkins, the east 80 acres of tract No. 6, of the Bob Slaughter Block in Hockley County. After describing the land conveyed, the deed contains the following recitation, "together with a $15/16$ interest in and to all the oil, gas and other minerals in and under and that may be produced from said land and the grantor retains title to a $1/16$ interest in and to all of the oil, gas and other minerals in and under and that may be produced from said land; but it is distinctly agreed and understood that the grantor, his heirs and assigns, shall not receive any part of the money rental paid on any future lease; and the grantee, his heirs or assigns, shall have authority to lease said land and receive the cash bonus and rental; and the grantor, his heirs or assigns, shall receive the royalty retained herein only from actual production of oil, gas or other minerals on said land." After Watkins acquired the land, he executed and delivered to third parties an oil and gas lease in which the lessees were invested with seven-eighths of the oil, gas, and minerals in and under the land, the remaining one-eighth being retained as royalty. The appellees, R. L. Slaughter, Jr., and his wife, Sue Alice Slaughter, are the present owners of the interest reserved by Bob Slaughter.

This suit was filed by appellants, F. G. Watkins and wife, in the nature of a trespass to try title, and the only question at issue pertains to the meaning and interpretation of the reservation above quoted. Appellants contend that the deed conveyed to the grantee, F. G. Watkins, all of the oil, gas, and other minerals in and under the land save and except $1/16$ of any royalty that might be retained or provided for in any future lease executed by the appellants, their heirs or assigns; and the appellees contend that the reservation consisted of $1/16$ of all of the oil, gas, and other minerals in and under the land as a royalty in the event the land should thereafter be leased by appellants, their heirs or assigns, for oil and gas development and oil or gas should be produced. The court below entered judgment in favor of the appellees to the effect that the appellants recover the title and possession of the land, save and except a nonparticipating perpetual

Durward D. Mahon and Lawrence F. Green, both of Lubbock, for appellants.

Jno. E. Kilgore, of Dallas, for appellees.

royalty interest equivalent to ⅟₁₆ of the gross minerals theretofore and thereafter to be produced therefrom, such ⅟₁₆ interest to be delivered to them, free and clear of all cost and expense, as a royalty.

Appellants duly excepted to the judgment, gave notice of appeal, and have perfected an appeal to this Court, where they present the case upon the single contention that the court erred in construing the reservation of ⅟₁₆ of the minerals as, in practical effect, reserving to the grantor ½ of the ⅛ royalty provided for in the lease subsequently executed by the appellants. They contend that, by reserving ⅟₁₆ of all oil and gas that might be produced from the land and then granting to the appellant, F. G. Watkins, authority to lease the land and receive the cash bonuses and rentals as provided in the reservation, Bob Slaughter thereby retained only an undivided ⅟₁₆ interest in all of the oil and gas and that when Watkins, under the authority thus given him by Slaughter, subsequently executed an oil and gas lease thereon, retaining ⅛ of the production as a royalty, he conveyed to the lessee ⅞ of all of the oil and gas contained in the land, including the undivided interest of Bob Slaughter, and, therefore, the appellees, as successors in title to Bob Slaughter, are entitled only to ⅟₁₆ of that portion which was retained as a royalty.

Appellees contend that the reservation in the deed was specified as a royalty, and since they did not join in the subsequent oil and gas lease executed by the appellants to third parties, were not named as lessors therein, had not given to the appellant Watkins a power of attorney to lease their portion of the oil and gas, and had not subsequently ratified the lease executed by Watkins, the court was correct in rendering a judgment in their favor to the effect that the reservation consisted of a ⅟₁₆ royalty interest in all of the oil and gas produced and to be produced by the lessees.

■ Our courts have said a number of times that the words "royalty," "bonus," and "rentals" have well-understood meanings in the oil and gas industry. Schlittler v. Smith, 128 Tex. 628, 101 S.W.2d 543; Murphy v. Jamison, Tex.Civ.App., 117 S.W.2d 127. In the case first cited, it was said [128 Tex. 628, 101 S.W.2d 544]: "However, it is well settled that a grantor may reserve minerals or mineral rights and he may also reserve royalties, bonuses, and rentals, either one, more or all. Here we have a reservation of only 'royalty rights.' It is obvious, it seems to us, that this does not include a reservation of bonuses or rentals, but only of an interest in oil, gas, or minerals paid, received, or realized as 'royalty' under any lease existing on the land at the time of the reservation, or thereafter executed by the grantee, his heirs or assigns."

Applying the law, as thus expressed, to the instant case, if the reservation contained in the deed from Bob Slaughter of ⅟₁₆ interest in and to all of the oil, gas, and other minerals in and under and that may be produced from the tract of land conveyed, was royalty as distinguished from a mere undivided ⅟₁₆ interest in all of the oil, gas, and other minerals, the judgment of the court below was correct and should be affirmed. If, however, the effect of the reservation was merely to reserve an undivided ⅟₁₆ interest in the oil, gas, and other minerals and give to the grantee Watkins authority to lease the land on behalf of the grantor as well as himself, it follows that the interest owned by the appellees was combined with that owned by the appellants and was conveyed to the lessees by the oil and gas lease in the same manner and with the same proportionate reservation of royalty. In that event the interest of the appellees would be only ⅟₁₆ of such reservation, which was ⅛ of the oil and gas produced and would be only ⅟₁₂₈ of all of the oil and gas produced. Murphy v. Dilworth, 137 Tex. 32, 151 S.W.2d 1004; Theo Oil Co. v. Thomas, Tex.Civ.App., 108 S.W.2d 555; Gill v. Bennett, Tex.Civ.App., 59 S.W.2d 473.

■ In interpreting instruments of this kind, the principal object to be attained is the intention of the parties. A fair and reasonable meaning should be given to the words used, and the words should be interpreted according to their common usage. It is not proper to gather the intention of the parties from any particular part of the instrument, but the entire instrument should be considered and every word included therein should be given its proper meaning. Any construction which requires rejection of a word or clause is not to be admitted except in cases of un-

avoidable necessity. Gibbs v. Barkley, Tex.Com.App., 242 S.W. 462; Janes v. Gulf Production Co., Tex.Civ.App., 15 S.W.2d 1102.

Applying those rules of interpretation to the reservation contained in the deed from Bob Slaughter to appellant, F. G. Watkins, we are forced to the conclusion that the 1/16 interest reserved by Slaughter was royalty and intended by the parties to the deed to be royalty. It is true that the first clause of the reservation indicates that the portion reserved was merely an undivided 1/16 interest in all of the oil, gas, and other minerals, but the last clause designates the reservation as "the royalty retained herein." The deed contained no reservation other than the 1/16 of oil, gas, and other minerals, mentioned in the first clause of this one, and the quoted phrase could not, therefore, have had reference to any other item. It is obvious, therefore, that both the grantor and the grantee considered it to be royalty. In order to apply to the reservation the interpretation contended for by appellants, it would be necessary to disregard completely the last clause, which designates the reservation as royalty. Under all the rules of interpretation, that cannot be done, because it is not only not in conflict with the other provisions of the deed, but is in complete harmony with them. Since the term "royalty" has a well-defined meaning in the oil and gas industry and has been recognized by the courts to be a share of the product or profit reserved by the owner as a consideration for permitting another to use his property for the purpose of prospecting for, discovering, and producing oil, gas, and other substances, and the portion reserved by Slaughter was designated as "royalty," it necessarily follows that the reservation consisted of 1/16 of all of the oil, gas, and other minerals that might thereafter be produced from the land under any lease executed by the grantee, his heirs or assigns. Hill v. Roberts, Tex.Civ. App., 284 S.W. 246; Curlee v. Anderson & Patterson, Tex.Civ.App., 235 S.W. 622; O'Fiel v. Brooks, Tex.Civ.App., 98 S.W. 2d 266; Indiana Natural Gas & Oil Co. v. Stewart, 45 Ind.App. 554, 90 N.E. 384.

In our opinion, the fact that Bob Slaughter recognized the right of his grantee Watkins, his heirs or assigns, to lease the land, is of no material significance because, inasmuch as Slaughter did not reserve to himself the right to lease it, the right to do so necessarily passed to his grantee anyhow. Schlittler v. Smith, supra; Brown v. Smith, 141 Tex. 425, 174 S.W.2d 43. Conceding, however, that it was the purpose and intention of the parties that Slaughter should give to Watkins authority to execute future leases, it could not change the result of the reservation, because the 1/16 reserved was designated as royalty. This implies that the portion retained was not to be included in the portion of the product transferred to the lessee, but was held or retained by Slaughter as his profit or consideration for the rights and interests to be vested in the lessee by the contemplated oil and gas lease. It follows, therefore, that any authority extended to Watkins by Slaughter to lease the land for oil or gas development would not affect the 1/16 interest retained by Slaughter as royalty, but only that portion which Watkins was authorized to transfer to the lessee by the contemplated oil and gas lease. State Nat. Bank of Corpus Christi v. Morgan, 135 Tex. 509, 143 S.W.2d 757; Hill v. Roberts, supra.

As indicated by what we have said, in our opinion the court below entered the proper judgment, and it will therefore be affirmed.