## WARREN v. AMERADA PETROLEUM CORPORATION et al.

No. 5854.

Court of Civil Appeals of Texas. Amarillo.
April 15, 1948.

Rehearing Denied May 17, 1948.

Mayo W. Neyland, of Greenville, for appellant.

Harry D. Page, of Tulsa, Okl., Renfro & Kilgore, of Dallas, and L. L. Bowman, of Greenville, for appellees.

PITTS, Chief Justice.

This appeal was perfected by appellant, L. W. Warren, from an order of the trial court sustaining certain special exceptions to appellant's pleadings which exceptions were filed by appellee, Amerada Petroleum Corporation, and the trial court thereafter dismissed appellant's cause of action with prejudice following his refusal to amend his pleadings.

Appellant sought to recover damages in the sum of $2900 as a result of the failure of the said appellee, as lessee of the mineral rights under 90 acres of land situated in Hunt County, to drill a well thereon, or in the alternative to recover such damages because J. Ross Bowen, the owner of the surface of the land and a portion of the minerals, permitted the said appellee as lessee thereof to surrender the said lease on the land and execute another lease in lieu thereof. Amerada Petroleum Corporation excepted to appellant's pleadings on the ground that he did not plead facts which would show any duty on its part to drill a well on the land in question; that he did not plead any facts which would create a duty on its part or that of the lessor or his successor in title to keep the original lease alive or prevent the execution of a new lease in lieu thereof; or that he did not allege any fact showing that the value of his royalty interest had been destroyed, all of which exceptions were sustained by the trial court.

Appellant sued Amerada Petroleum Corporation and J. Ross Bowen jointly and severally in three separate counts but it is conceded by all parties that the result of the appeal depends upon a proper construction of certain portions of a mineral lease on the land in question executed by W. D. Bell and wife, Emily M. Bell, to appellee, Amerada Petroleum Company, on February 4, 1936, and the other contracts thereafter executed and hereinafter mentioned.

The record reveals that W. D. Bell and wife reserved one-eighth of the royalty when they leased the said land to Amerada Petroleum Company, which company will be hereafter referred to as lessee; that thereafter W. D. Bell and wife sold all of their interest in the said land, including the one-eighth royalty reserved in said lease, to J. Ross Bowen and wife, Mattie Louise Bowen; that thereafter in 1943 J. Ross Bowen and wife sold, conveyed and assigned to appellant by the execution of two separate instruments ten-ninetieths and one-sixth interest, respectively, in the one-eighth royalty reserved and held by them.

In sustaining lessee's exceptions to appellant's pleadings the trial court held that appellant had failed to allege a cause of action. Unless appellant's petition considered as a whole can be construed in such a way as to state a cause of action, the judgment of the trial court must be affirmed. Our examination of appellant's petition is limited to the complaints he makes in his assignments of error and his points presented and lessee's reply thereto. Appellant attaches to his pleadings as exhibits a copy of the Bell lease to lessee, copies of the instruments executed by Bowen and wife selling and assigning to appellant ten-ninetieths and one-sixth interest, respectively, of one-eighth of the royalty reserved and held by them and a copy of the new lease executed by Bowen and wife on March 28, 1945, to lessee and appellant made each instrument a part of his pleadings.

We shall first determine whether or not the pleadings reflect that lessee breached any duty it owed appellant when it failed to drill a well upon the ninety acres of land in question. The original lease executed on February 4, 1936, by Bell and wife to lessee, the terms of which were assumed by Bowen and wife when they purchased the surface of the land, was filed for record in the County Clerk's office on February 27, 1936. It retained one-eighth royalty to be paid upon all oil and gas produced and then provided in paragraph two that, "During the said (primary) term, except as may be otherwise required by paragraph three hereof, lessee shall have the right at will to begin, abandon or resume operation on the premises." Paragraph three referred to above required the drilling of off-set wells in the event a producing well was drilled upon any adjacent land within 200 feet of any line of the premises. There was no allegation made in appellant's petition that there was any such producing well upon adjacent land and no such contention is here made by appellant. That contingency is therefore eliminated and paragraph two authorizes lessee to begin operation at will. After a number of other provisions customarily found in such leases, paragraph ten provided in part that, "This lease shall impose no other obligations or covenants upon lessee than those herein expressly agreed to be performed by lessee." Some seven years after the execution of the original lease and subsequent to the purchase of the land in question from Bell and wife by Bowen and wife, appellant purchased from Bowen on January 13, 1943, ten-ninetieths undivided interest in the one-eighth royalty held by Bowen, and on March 27, 1943, he purchased from Bowen one-sixth undivided interest in the one-eighth royalty held by Bowen. Except for the date and the amount of interest conveyed, the two deeds conveying the said interests were identical. They each provided in part that, "This grant shall run and the rights, titles and privileges hereby granted shall extend to grantee herein, and to grantee's heirs, administrators and assigns, for a period of ten years from date hereof and as long thereafter as oil, gas or other minerals, or either of them is produced or mined from the lands described herein, in paying or commercial quantities." They each fur-

ther provided that if there was no production at the end of ten years, the title to the minerals reverted to the grantor. Each deed further provided that "said lands, or portions thereof, being now under oil and gas lease executed in favor of Amerada Petroleum Corporation, it is understood and agreed that this sale is made subject to the terms of said lease, * * *." Under the provisions of the deeds of conveyance to appellant and under the rules of law stated in the case of Schlittler v. Smith, 128 Tex. 628, 101 S.W.2d 543, appellant was to receive only a non-participating royalty interest to the extent of the fractional parts stated in the granting clause of the deeds respectively.

■ When appellant acquired his royalty interest in January and March of 1943, lessee's original lease was of record and appellant was charged with full notice of its terms since he accepted his conveyances subject to the terms of lessee's original lease. Consequently appellant can claim no greater right as against lessee than the original lessor would have. Unless the original lessor or his successor in title could force lessee to drill a well for oil and gas upon the tract of land in question, appellant would have no right to make such a demand. Under the original lease lessee could begin operation at will and no other obligation could be imposed upon him. Lessee and Bell had the legal right to make such a contract and appellant had a legal right to enter into a contract subject to the provisions and terms of the original lease but he was bound thereby when he made such a contract.

■ Appellant contends there is an implied covenant in the original lease between Bell and lessee to the effect that drilling must begin on the lease within a reasonable time. In the absence of an express stipulation in leases, the courts will imply a covenant to drill only in the event a reasonable, prudent operator would do so. But there is no room for an implied covenant where the lease contract itself makes the matter of development discretionary with lessee at his own will as was obviously the case in the original lease executed by Bell to lessee. The terms of that lease and the intention of the parties are clearly expressed in plain language and the courts will not undertake to write a new and different contract or to change the terms of one when the parties have stated their intentions clearly and in simple language. Cowden v. Broderick & Calvert, 131 Tex. 434, 114 S.W.2d 1166, 117 A.L.R. 61. The original lease above referred to contains an express covenant which precludes the application of any implied covenant for prudent development or for development within a reasonable time. Gulf Production Co. v. Kishi, 129 Tex. 487, 103 S.W.2d 965; Magnolia Petroleum Co. v. Page, Tex.Civ. App., 141 S.W.2d 691.

Under the contractual relationships pleaded by appellant and other facts alleged by him, Bell could not have required lessee to drill a well on the land in question. His successor in title, Bowen, had no right to make such a demand. Such being true, certainly appellant, who owned only an undivided non-participating royalty interest in the property purchased from Bowen subject to the terms of the original lease, would have no right to demand that lessee drill a well and lessee has not therefore under the pleadings breached any duty he owed appellant.

■ We shall next determine whether or not Bowen and lessee breached any duty they owed appellant when lessee surrendered the original lease in March, 1945, and Bowen and wife executed a new lease agreement in lieu thereof on March 28, 1945. The said new lease covered the mineral rights to the said ninety acres of land and was for a primary term of ten years. It was drawn upon the customary form and provided for the payment of a $90 annual delay rental, "which shall cover the privilege of deferring commencement of operation for a period of twelve months." Appellant complains that the new lease constituted a cloud upon the title of his royalty interest. He did not ask that the cloud be removed but wanted damages because of the alleged destruction of his royalty interest. Appellant's contracts of purchase of his royalty interest

318

specifically state that his purchases are made subject to the terms of lessee's original lease. One of the terms of lessee's original lease was that "lessee shall have the right at any time to surrender and cancel this lease as to all or any portion of the premises by giving ten days notice of its intention so to do."

Appellant's said purchase contracts of royalty interest were made subject to the foregoing provision and his contracts provided that he should not acquire any right to participate in the making of any future leases should any existing or future leases become cancelled or forfeited nor did he acquire any right to participate in any bonus or bonuses or rentals that grantor may receive for any future leases. However Bowen and wife as grantors agreed in such contracts that they would not enter into any new leases covering the minerals of the said land without making the customary royalty reservations. The new lease contract provides for the customary royalties required by appellant's royalty deeds.

Under the terms of appellant's contracts and the other contracts here involved, appellant has no legal right to complain because lessee surrendered the original lease nor because Bowen and wife executed a new lease in lieu of the former lease, so long as they kept faith with him under the terms of the contracts for royalty interest he had with them. Under appellant's pleadings lessee and Bowen have not breached any duty they owed him by surrendering the old lease and making a new one in lieu thereof.

Appellant pleaded the contracts hereinabove referred to and relies upon them for recovery. Since he has pleaded them and relies upon them, he is bound by the terms therein expressed. A careful examination of them and of his pleadings as a whole reveal to us that his pleadings failed to state a cause of action. It is our opinion that the trial court properly sustained the exceptions filed by lessee and properly dismissed appellant's alleged cause of action when he refused to amend his pleadings and its judgment is therefore affirmed.