### GAY v. GRINNAN et al.

### No. 6414.

Court of Civil Appeals of Texas. Texarkana.

Jan. 20, 1949.

Rehearing Denied Feb. 17, 1949.

Sellers & Fanning, of Sulphur Springs, for appellant.

Smith & Hicks and Ramey A. Smith, all of Sulphur Springs, for appellees.

HALL, Chief Justice.

This action was brought by appellant against appellees to cancel an oil and gas lease dated April 17, 1920, executed by his predecessor in title, covering 50 acres of land located in Hopkins County. The consideration for the lease and other portions thereof pertinent here are:

"Agreement, Made and entered into the 17th day of April, 1920, by and between C. A. Bridges & B. A. King of Hopkins County hereinafter called lessor (whether one or more), and B. W. Nelson hereinafter called lessee; and the agreement between said parties in the conveyance of said land by the said Nelson to the said Bridges and King

"Witnesseth: That the said lessor, for and in consideration of one dollar, cash in hand and paid, receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part of lessee to be paid, kept and performed has granted, demised, leased and let, and by these presents do * * * grant, lease and let unto the said lessee for the sole and only purpose of mining and operating for oil and gas and of laying pipe lines and of building tanks, power stations and structures thereon to produce,

save and take care of said products, all that certain tract of land situated in the County of Hopkins, State of Texas, described as follows:"

(here follows description by metes and bounds)

"It is agreed that this lease shall remain in force for a term of 99 years from this date, and as long thereafter as oil or gas, or either of them is produced from said land by the lessee.

"In consideration of the premises and said lessee covenants and agrees:

"1st: To deliver to the credit of lessor free of cost, in the pipe line to which he may connect his wells, the equal one-eighth part of all oil produced and saved from the leased premises.

"If said lessor owns a less interest in the above described land than the entire and undivided fee simple estate therein, then the royalties and rentals herein provided for shall be paid the said lessor only in proportion which his interest bears to the whole and undivided fee."

Appellant in part alleged: "That better than 27 years has expired and no development whatever on the part of lessee of this land under the lease contract has taken place and because of such failure to develop said property for oil and gas purposes so that the primary consideration of the one-eighth oil and gas provided for in the lease contract could be paid to this lessor and those claiming under him have forfeited all rights accruing to them under said lease and this plaintiff has declared terminated and forfeited all of the rights of said lessee because of his failure to develop within a reasonable time said premises."

Appellees' answer contains three special exceptions to appellant's petition, which in substance are: (1) That the lease sought to be cancelled contains no express covenant for development; (2) that absent such express covenant, appellant has alleged no grounds for the enforcement of an implied covenant to develop the premises; and (3) that appellant's cause of action at most is one for damages for failure to develop the premises and not for cancellation of the lease and there is no allegation

by plaintiff with respect to damages. Appellees also in their answer sought to have the alleged oil and gas lease declared a mineral deed.

The trial was to the court and resulted in a judgment that appellant take nothing, and that appellees take nothing on their plea to have the lease declared a mineral deed.

Appellees' only point is: "An oil and gas lease executed for a consideration of $1.00 and the usual one-eighth royalty for a period of 99 years may be cancelled after a reasonable time has expired where the lessee has done nothing toward developing the land for the production of oil and gas."

The oil and gas lease under consideration here contains no express covenant to develop the premises nor does it provide for the payment of yearly rental in lieu of development. There can be only an implied obligation to develop. The evidence is without dispute that no development at all has been had upon the tract of land covered by this lease during the twenty-eight years it has been in existence. The nearest production is some fifteen miles distant but there is leasing activity within seven or eight miles of this land. As we understand appellant's point and his argument it is to the effect that the lease even though it contains no express covenant to develop the property, the law implies such a covenant and since no effort has been made during this long period of time to test this tract of land for oil and gas the lease should be cancelled and held for naught. Appellees contend that appellant at most is entitled to damages and not cancellation of the lease for their failure to develop the land; and since no damages were plead or proved the judgment of the trial court in their favor is correct. This contention in our opinion strikes at the very heart of this law suit.

■■■ Upon an oil and gas lease such as here involved courts will imply an obligation to develop the premises "only in the event a reasonable, prudent operator would do so." Warren v. Amerada Petroleum Corp., Tex.Civ.App., 211 S.W.2d 314, 317 (w/r, no reversible error). It was said by our Supreme Court in Texas Pa-

cific Coal & Oil Co. v. Barker, 117 Tex. 418, 6 S.W.2d 1031, 1036, 60 A.L.R. 936: "The court's charge should make plain that it was the duty of the lessee to drill an offset or additional well, if, considering the cost of same and the probable profit therefrom, he would have been doing what an ordinarily prudent person would have done under the same circumstances."

The remedy available to a lessor in cases of this character is an action for damages occasioned by the failure of the lessee to properly develop the premises. Grubb v. McAfee, 109 Tex. 527, 212 S.W. 464, and cases there cited; W. T. Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 19 S.W.2d 27; Knight v. Chicago Corp. 144 Tex. 98, 188 S.W.2d 564; Fite v. Miller, 192 La. 229, 187 So. 650, 122 A.L.R. 446.

We have carefully studied all the cases cited by both appellant and appellees as well as many others affecting oil and gas leases, and have found none which, absent an express covenant to do so, enforced an implied obligation on the part of the lessee to develop "wild cat" territory. But should we be mistaken in the above observation, still it is clear that appellant's remedy is for damages against appellees for failure to develop the premises here involved under an implied covenant and not for cancellation of the lease. As heretofore pointed out, appellant's cause of action as stated in his pleadings is for cancellation of the lease for failure to develop it for oil and gas. There is no allegation or proof with respect to any damages suffered by appellant on account of appellees' failure to develop the premises.

Therefore, the judgment of the trial court is affirmed.