**CARAWAY et al. v. OWENS.**

No. 6652.

Court of Civil Appeals of Texas. Texarkana.

Jan. 8, 1953.

Rehearing Denied Feb. 5, 1953.

426

Fred Whitaker and Ruff Wall, Carthage, for appellants.

Sid B. Turner, Carthage, John B. Hussey, Shreveport, La., for appellee.

PER CURIAM.

This action was instituted in the District Court of Panola County seeking a declaratory judgment construing a reservation clause in a mineral deed executed by appellee June 3, 1932, and concerns some 660 acres of land. Trial was to the court without a jury, which resulted in judgment for appellee.

Appellants present three points, all of which relate to the action of the court in declaring the reservation in said mineral deed to be ¼ of the usual ⅛ royalty of the oil and gas. The exception which the trial court construed reads as follows: " * * but I do except and reserve out of said conveyance a fee royalty of ½₂ of the oil and gas and ¼ of all the other royalties received from said property." The trial court found that the fee royalty of the oil and gas reserved was the equivalent of ¼ of the ⅛ royalty.

The deed from which the above exception is taken has to do with the entire mineral interest in the land, but it is clear that the "fee royalty of ½₂ of the oil and gas" reserved has reference to royalty. The reservation, in our opinion, can have no other meaning. The above conclusion is strengthened by the following words not in dispute: "and ¼ of all the other royalties received from said property." The first reservation has to do with oil and gas and the last reservation has to do with royalty in other minerals that may be extracted from the land. It is our opinion that both terms reserve the same quantum of royalty, that is, ¼ of ⅛. We find nothing in the grant to the contrary. Watkins v. Slaughter, Tex.Civ.App., 183 S.W.2d 474, 475, affirmed by Supreme Court, 144 Tex. 179, 189 S.W.2d 699. Those cases construe a reservation very similar to that before this court, and it was there held that the ³⁄₁₆ mineral interest retained or reserved by the grantor referred to royalty and was held to be a ³⁄₁₆ royalty interest or ³⁄₁₆ of the entire production on the tract of land conveyed. A royalty or royalty interest may be created, prior to any lease for oil and gas purposes, either by grant or reservation. Schlittler v. Smith, 128 Tex. 628, 101 S.W.2d 543; and State National Bank of Corpus Christi v. Morgan, 135 Tex. 509, 143 S.W.2d 757.

Appellants make the contention that the reservation should be construed as being a ½₂ of the ⅛ of the oil and gas royalty, or a ½₅₆ interest. There might be some merit in this contention had appellee reserved a ½₂ of the oil and gas royalty. However, the reservation does not do this, but on the contrary, excepts and reserves out of said conveyance a "fee royalty of ½₂ of the oil and gas * * * received from said property." The trial court correctly held that appellee "Nellie Owens, is the legal owner and holder of a full ½₂ royalty, or the equivalent of a ¼ of the usual ⅛ royalty interest in and to all of the oil and gas and ¼ of all other royalties received from the 660 acres of land."

Appellants contend that the reservation discussed above is ambiguous, and that the construction placed upon it by the parties thereto, before any controversy arose, should be followed by the courts. We think a complete answer to this contention is (1) that the reservation presents no ambiguity, and (2) that the record contains no evidence of a construction of this

instrument by the appellee. The reservation not being ambiguous, any construction placed upon it by the parties different to that contended for here, would in no wise affect the holding of the court. Richardson v. Hart, 143 Tex. 392, 185 S.W.2d 563, and cases there cited. There is no evidence in this record that the appellee ever construed the reservation set out above in any other manner than that contended for by her in this court. We think that no error is presented in this appeal.

The judgment of the trial court is in all things affirmed.