**E. T. O'DANIEL, Appellant,**

v.

**Arthur ROTH et al., Appellees.**

**No. 5283.**

Court of Civil Appeals of Texas.

El Paso.

Nov. 19, 1958.

Cunningham & Cunningham, Big Spring, for appellant.

Stubbeman, McRae, Sealy & Laughlin, F. H. Pannill, Midland, for appellees.

HAMILTON, Chief Justice.

This action was instituted by appellant, E. T. O'Daniel, for declaratory judgment construing a deed from Raymond P. King and Everett B. King to J. A. King, dated December 22, 1936. Appellees filed general denials and filed a cross-action in trespass to try title. Appellant filed supplemental pleadings of not guilty to the cross-action to try title, and also claiming a breach of a certain contract in writing between appellant E. T. O'Daniel and wife, and Paul L. Davis and his successors, in the event the court ruled favorably on appellees' cross-action in trespass to try title.

The case was submitted to the court below on motions for summary judgment by both appellant and appellees, and a judgment was entered for appellees.

What is really in controversy in this law suit is the leasing rights covering 125 mineral acres out of five sections of land. It

appears that, by deed dated December 22, 1936, Raymond P. and Everett B. King made a conveyance to J. A. King describing in the granting clause an undivided 125-acre royalty interest in and to all the oil, gas and other minerals of every kind and character, on or under that certain tract or parcel of land situated in Gaines County, State of Texas, and described as follows (describing five sections of land in question). The habendum clause, in part, says:

"To Have And To Hold the said undivided interest in all of the said oil, gas and other minerals, in, on and under the said land, together with all and singular the rights and appurtenances thereto in anywise belonging with the right of ingress and egress and possession at all times for the purpose of mining, drilling and operating for said minerals and the maintenance of facilities and means necessary or convenient for producing, treating and transporting such minerals, and for housing and boarding employees, unto said grantee, his heirs, successors and assigns forever; and grantor herein himself, and his heirs, executors and administrators, hereby agrees to warrant and forever defend all and singular the said interest in said minerals, unto the said grantee, his heirs, successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof."

As can be seen, it appears that the granting clause describes the interest as royalty, and the habendum clause speaks of it as mineral.

The trial court did not determine whether the deed was a royalty deed or a mineral deed because in its opinion it was not necessary to make such determination. If it were construed to be a mineral deed, the appellees were entitled to judgment without question; and if it were determined to be a royalty deed, they were also entitled to judgment, because the owners of the leasing rights to such royalty interests had conveyed their leasing rights and interests to the appellees, the trial court holding that never, at any time, did appellant E. T. O'Daniel acquire or own any leasing right covering the 125-acre interest involved. We think the trial court was correct in rendering judgment for the appellees, whether the deed in question be determined to be a royalty deed or a mineral deed.

Appellant maintains that the deed was a royalty deed, and, that being so, the leasing rights covering the 125-acre royalty interest was conveyed to him by deed from A. A. Kuehne, dated December 8, 1947. The common source of title to the lands and interests involved here was agreed as being Raymond P. and Everett B. King. By deed dated April 22, 1939, Consuelo King, administrator of the Estate of Everett B. King, conveyed to Raymond P. King an undivided one-half interest in and to all of said lands, except an undivided $125/3129$th interest in and to all the minerals in and under the lands in question. Raymond P. King, in turn, conveyed the entire interest in said five sections to A. A. Kuehne, excepting, however, a $125/3129$th interest to the minerals in and under said sections. Kuehne, in turn, conveyed, by deed dated December 8, 1947, to the appellant E. T. O'Daniel the same lands, excepting a like mineral interest excepted in the two previous deeds mentioned. Appellant maintains that, even though no leasing rights of said 125-acre royalty interests were conveyed to him, same passed to him by operation of law, his contention being that Raymond P. King and the Estate of Everett B. King could not retain a bare leasing right to a royalty interest without retaining some other interest in the land. He cites the case of Dallapi v. Campbell, 45 Cal.App.2d 541, 114 P.2d 646. In that case, the grantor conveyed all the minerals, reserving the naked right of leasing the minerals. That case is not in point. If the deed in question here is construed as a royalty deed, the grantors retained more than a naked right to lease; they retained the minerals with the right to lease or pro-

duce them subject to the royalty interest. Schlittler v. Smith, 128 Tex. 628, 101 S.W. 2d 543. Appellant maintains that the court was in error in granting judgment against him on the contract sued on in the alternative; that is, the one between him and Paul L. Davis. We uphold the trial court's decision in this matter because it is not shown that appellant complied in any measure with the terms of said agreement; and, furthermore, it is shown affirmatively that Paul L. Davis, his heirs and assigns, acquired whatever lease interest might be outstanding in connection with the 125-acre interest in question. It was provided in the contract that Paul L. Davis, his heirs and assigns, might make whatever arrangements with the owners of the disputed interest that he, or they, may deem fit.

The judgment of the trial court is affirmed.