## EMBRY v. FEDERAL CREDIT BUREAU.
### No. 8581.

Court of Civil Appeals of Texas. San Antonio. March 25, 1931.

Rehearing Granted and Cause Reversed and Remanded May 6, 1931.

Rehearing Overruled June 10, 1931.

Mark Hance, of San Antonio, for appellant.

A. E. Hammonds, of San Antonio, for appellee.

COBBS, J.

This suit was brought by appellee to recover on an alleged promissory note against appellant. Appellee alleged that on or about August 20, 1927, the appellant, J. T. Embry, made, executed, and delivered to Neal Bros. Hardware, Inc., his certain promissory note in the principal sum of $368.75, payable at the Guaranty State Bank, in installments of $38.75 on October 1, 1927, and $30 on the first day of each succeeding month, together with interest at the rate of 8 per cent. per annum from maturity until paid, and that the note was given for a certain "milker outfit," and that before maturity, for value, said note was sold and transferred to De Laval Separator Company and thereafter to Credit Alliance Corporation, and thereafter to the plaintiff, appellee herein, who became the owner and holder for value, and that default having been made in the payment of the installments, the entire note was declared due and that said note was placed in the hands of the attorney bringing the suit, under a contract to pay him a reasonable attorney's fee for his services, alleged to be $150.

Judgment was prayed for the note, interest, and attorney's fees. The answer was by general denial and by special answer to the effect that the several holders of said note were not innocent purchasers, and denied that $150 was a reasonable fee, and denied that plaintiff was the owner of the note for value in due course without notice, and pleading specially that the note was given for a certain "milker outfit" and that at the time of the sale thereof, and the execution of the note and as a part of the consideration, Neal Bros. Hardware, Inc., warranted the outfit and agreed that the defendant was to give the same a trial, and that thereafter on or about November 1, 1927, he returned said outfit to Neal Bros. Hardware, Inc., in full satisfaction of the note, and that at such time he had never received notice from De Laval Company that they were the owner and holder of the note, though according to the provisions of the note he was to be advised if same was assigned to said company, and that relying upon such failure to receive such notice, he returned the outfit to the payee, who agreed to get the note from the bank and give it to appellant.

The case was tried before the court without a jury, and the court made and filed his findings of fact and conclusions of law, which were in favor of appellee. The findings are supported by the evidence.

The note sued upon was negotiable and was transferred before its maturity, for value, in due course, so that the maker was not discharged from his obligation by having made settlement with the payee, Neal Bros. Hardware, Inc.

The court found that:

"The plaintiff should recover the following judgment: Principal, $199.45; Interest, $50.64; Attys. fees, $40.00.

"That the principal and interest should bear interest at the rate of 8% from June 6, 1930, and the amount of attorney fee at the rate of 6% per annum from June 6, 1930, and that plaintiff should have judgment for its costs laid out and expended."

This is a county court case and has been fairly tried and justice administered, so that the judgment of the trial court will not be disturbed, but be in all things affirmed.

Affirmed.

### On Motion for Rehearing.

Considering appellant's excellent motion for a rehearing and examining the cases therein cited, we have reached the conclusion that we erred in our opinion in affirming the judgment. In other words, we do not believe the note to be a negotiable instrument under the statute and decisions, and this leads us to reverse the judgment and remand the case.