## JOHN E. MURPHY V. A. L. DILWORTH ET AL.

No. 7629. Decided May 21, 1941.
Rehearing overruled June 18, 1941.
(151 S. W., 2d Series, 1004.)

*House & Irvin,* of San Antonio, for plaintiffs in error.

The reservation in the deed from Dilworth and wife to Murphy, reserving a one-sixteenth of all the oil, gas and other minerals, in plain and unambiguous terms, could not be con-

strued to be a one-half non-participating royalty so as to make a new contract for the parties in disregard of the plain and unambiguous language used in said reservation in the absence of allegation of fraud, accident or mutual mistake, as the Court of Civil Appeals did in this case. 8 R. C. L. 1035, sec. 91; East Texas Fire Ins. Co. v. Kempner, 87 Texas 229, 27 S. W. 122; Henry v. Phillips, 105 Texas 459, 151 S. W. 533, 538.

*Hull & Oliver, Dilworth & Marshall,* and *Wm. H. Shireman,* all San Antonio, for defendants in error.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

On July 12, 1928, A. L. Dilworth owned a certain tract of land in McMullen and Duval counties, upon which he had previously executed a 10-year oil and gas mining lease in the usual form. On the above date, and while said lease was still in force, Dilworth and wife conveyed said land to John E. Murphy by general warranty deed, with the following reservation:

"Grantors expressly reserve unto themselves for a period of fifteen years from the date hereof an undividad one-sixteenth interest and estate in and to all of the minerals of every character, including oil and gas, in and under and appurtenant to all of the above described property, and said undivided interest in said minerals is not intended in any wise to be conveyed hereby, but the same is hereby excepted from this conveyance; provided, however, that in the event both of the grantors herein should depart this life prior to the expiration of said fifteen years from date hereof, then this reservation shall be null and void and of no further force and effect, and the full title to said undivided interest shall then vest in said John E. Murphy, his heirs and assigns."

The oil and gas mining lease above referred to expired in 1932. In 1936 Dilworth and wife brought this suit against Murphy and others, and alleged that at the time of the execution and delivery of the deed above referred to it was contracted and agreed between the parties that the grantors should have and be entitled to receive a royalty interest of 1/16th of all the oil and gas and other minerals produced from said land under the lease then outstanding, or any other lease that might be given thereon. They further alleged that the defendant, Murphy, was asserting a greater interest in the minerals in

said land than he was entitled to under said conveyance, and sought judgment removing cloud from their title to said mineral rights.

The trial court permitted the introduction of parol evidence as to what was said by the parties in their negotiations leading up to the making of the contract, as well as their interpretation thereof aftewards, and, based thereon, held that the reservation contained in the deed was actually "a mineral reservation of one-half of the royalty under said lease then on said land, and any and all mineral leases thereafter to be placed on said land * * *," and entered judgment accordingly. The judgment of the trial court was affirmed by the Court of Civil Appeals. 129 S. W. (2d) 418.

1 The reservation contained in the deed appears on its face to be plain and unambiguous. In clear language it reserves an undivided 1/16th interest in the minerals in and under said land, and makes no reference whatever to any royalty to be paid under any existing or subsequent lease. There is no suggestion in the pleadings of fraud in the making of the contract or of accident or mistake in reducing it to writing. Ordinarily, where the terms of a written contract are thus plain and unambiguous, parol evidence is inadmissible to vary the terms or to show the constrution placed thereon by the parties at the time or subsequent to the making thereof. Henry v. Phillips, 105 Texas 459, 151 S. W. 533; Soell v. Hadden, 85 Texas 182, 19 S. W. 1087.

The plaintiffs concede the rule as above announced, but contend that, even though a contract be unambiguous on its face, yet, if when it is read in the light of the then existing facts or circumstances an ambiguity arises, then parol evidence is admissible for the purpose of disclosing such latent ambiguity and of bringing about a proper understanding and interpretation of the agreement. They contend that under this exception to the rule the trial court properly permitted them to introduce parol evidence of the negotiations leading up to the making of the contract, as well as evidence of the interpretation of the contract afterwards by the parties thereto, and that under such evidence the trial court properly held that it was intended and understood by the parties that the plaintiffs should reserve one-half of the one-eighth royalty that might be payable under any lease then existing or thereafter to be placed on said land.

**2** It is true that, even though a written contract be unambiguous on its face, parol evidence is admissible for the purpose of applying the contract to the subject with which it deals; and if by reason of some collateral matter an ambiguity then appears, proof of the facts and circumstances under which the agreement was made is admissible, in order that the language used in the contract may be read in the light thereof for the purpose of ascertaining the true intention of the parties as expressed in the agreement. In other words, if the meaning of the language used in a written contract becomes uncertain when an attempt is made to apply it to the subject matter of the contract, though not otherwise uncertain, parol evidence is permissible to aid in making the application. First National Bank v. Rush (Com. Appls.), 210 S. W. 521; Kleuter v. Joseph Schlitz Brewing Co., 143 Wis. 347, 128 N. W. 43, 32 L. R. A. (N. S.) 383; 22 C. J. 1192. This does not mean, however, that the parties may prove the making of an agreement different from that expressed in the written contract, nor that the unambiguous language used in the contract may be violated or the legal effect thereof changed. It merely permits proof of the then existing circumstances, in order to enable the court to apply the language used therein to the facts as they then existed. Reynolds v. McMan Oil & Gas Co. (Com. Appls.), 11 S. W. (2d) 778; Southern Gas & Gasoline Engine Co. v. Richolson (Com. Appls.), 216 S. W. 158. It can do no more than explain the doubtful relations of the instrument consistently with the relations of the parties, the subject matter of the contract, and the other incidents thereof. 22 C. J. 1194. Consequently, the fact that the parties may have intended to make a difference contract from that embodied in the deed, or afterwards thought that they had actually made a different one, becomes immaterial, in the absence of a plea of fraud, accident, or mistake.

**3** The only material circumstance established by such extraneous evidence, tending to invoke the rule relied on by the plaintiffs, was the fact that there was an outstanding lease on the land at the time of the execution of the conveyance in question. This alone is not sufficient to show that that part of the deed wherein the grantor reserved an undivided 1/16th interest in the minerals in the land in question should be given any different construction or meaning than its plain legal effect. Notwithstanding the existence of the lease the grantor still owned sufficient mineral interest in the land for him to retain an undivided 1/16th interest therein. The existence of

the lease raises no doubt as to what was meant by the language used in the contract. The outstanding lease had the effect of placing the title in the lessee to 7/8th of the minerals for the purpose of exploration and development, but subject to reversion upon termination of the lease; and of retaining in the lessor the title to 1/8th of the minerals with the possibility of reversion of the remaining 7/8th interest. Sheffield v. Hogg, 124 Texas 290, 77 S. W. (2d) 1021, 80 S. W. (2d) 741. The grantor had the right to sell not only his 1/8th interest retained in the lease, but also his reversionary interest in the remaining 7/8th interest. By conveying the land to the grantee and retaining only an undivided 1/16th interest in the minerals, he conveyed 15/16th interest to the grantee subject to the terms of the outstanding lease and retained only 1/16th of the minerals subject to the same conditions. Theo Oil Co. v. Thomas, 108 S. W. (2d) 555.

The judgments of the trial court and of the Court of Civil Appeals are reversed, and the cause is remanded to the trial court with instructions to enter judgment for the plaintiffs for an undivided 1/16th interest in and to the minerals under the land in question, subject to any outstanding lease executed thereon by the plaintiffs, for a period of fifteen years from the date of said deed, and subject to the limitation therein that said reservation shall terminate upon the death of both the grantors in said deed prior to the expiration of said fifteen-year period, and denying the plaintiffs all other relief prayed for by them. The plaintiffs will be adjudged to pay all costs of suit.

Opinion delivered May 21, 1941.

Rehearing overruled June 18, 1941.