Charlie W. ROSSE, Appellant,

v.

NORTHERN PUMP COMPANY et al.,
Appellees.

No. 10918.

Court of Civil Appeals of Texas.

Austin.

Jan. 10, 1962.

Rehearing Denied Jan. 31, 1962.

Gus L. Kowalski, Kingsville, Lloyd, ·Lloyd & Dean, Alice, for appellant.

Perkins, Floyd, Davis & Oden, Alice, Keys, Russell, Keys & Watson, H. J. Prendergast, Corpus Christi, for appellees.

RICHARDS, Justice.

Suit was brought by Charlie W. Rosse, appellant, against Northern Pump Company, John B. Hawley, Jr., Henry W. Volk, Jr., Dr. McIver Furman, W. Preston Pittman and T. S. Scibienski, Trustees under the Last Will and Testament of Clara Driscoll, Deceased, Dr. McIver Furman, W. Preston Pittman and T. S. Scibienski, Trustees of the Robert Driscoll and Julia Driscoll and Robert Driscoll, Jr. Foundations, King Ranch, Trustee, Mrs. Louise E. Flato, Mrs. Florence Arnold East, Allen B. East, Mrs. Annie Mae East, and Alice National Bank, appellees, seeking a judgment declaring that he owns a royalty interest of 1/16th of all oil, gas and other minerals in and under and that have been and may be produced from lots 1 to 8 inclusive, Block 41, Kleberg Town and Improvement Company's Subdivision, in Kleberg County, Texas.

Appellees King Ranch, Trustee, and Mrs. Louise E. Flato filed answers admitting the interest claimed by Rosse to be a royalty interest. Appellees Northern Pump Company and John B. Hawley, Jr. assignees of W. R. Lokey, lessee, under an oil, gas and mineral lease executed by all other appellees and their predecessors in title as lessors covering the oil, gas and other minerals in and under the property in controversy, answered stating that they had no interest in the subject matter of the suit other than as stakeholders to pay over to the parties entitled thereto the proceeds of the production covered by the lease. Appellee Henry W. Volk, Jr. owner of an overriding interest in the lease, filed no answer but the Trial Court denied Rosse any relief against him.

The remaining appellees Florence Arnold East, Allen B. East, Annie Mae East, Alice National Bank, Dr. McIver Furman, W. Preston Pittman and T. S. Scibienski, Trustees under the last will and testament of Clara Driscoll, deceased, and Trustees of the Robert Driscoll, Julia Driscoll and Robert Driscoll, Jr. Foundations joined in an answer and cross action in which they contended that the interest asserted by Rosse was not a royalty interest but a participating mineral interest and that since lessee W. R. Lokey and his assigns, appellees Northern Pump Company and John B. Hawley, Jr., had developed and operated said lease thereby incurring certain reasonable and necessary expenses which inured to the benefit of Rosse as co-tenant, and as a result of which both oil and gas in commercial quantities had been produced from the land involved, Rosse should bear a 1/16th part of the necessary and reasonable expenses incurred in producing and marketing the oil and gas and prayed that judgment be rendered declaring Rosse's interest to be a reservation of a participating mineral interest as distinguished from a royalty interest and that such mineral interest in Rosse as well as the proceeds of

the sale of the production attributed thereto held by appellees Northern Pump Company and John B. Hawley, Jr. be charged with ⅟₁₆th of the cost of production heretofore and hereafter incurred by the owners of the lease and the appellee lessee be directed to pay to them a ⅔rds part thereof. They further pleaded in the alternative that since Rosse by his pleadings had adopted the lease to W. R. Lokey, he was entitled to only ⅟₁₆th of the royalties provided in the lease and they were therefore entitled to ⅔rds of ¹⁵⁄₁₆ths of the royalties and in the alternative prayed that the Court enter judgment accordingly.

The case was tried before the Court without a jury and judgment was rendered holding that Rosse's interest was a participating mineral interest and not a royalty interest but awarded to Rosse and the other appellees, except lessees Northern Pump Company and John B. Hawley, Jr., various portions of the mineral interests and the proceeds thereof in the oil, gas and other minerals in, under and theretofore and thereafter to be produced from the land in question. The awards of the mineral interests will be detailed and discussed infra in this opinion.

No evidence as to the amounts expended by lessees Northern Pump Company, John B. Hawley, Jr. and Henry W. Volk, Jr. in drilling and developing the lease and the costs of production was offered by any of the parties upon the trial nor does the judgment award the lessees Northern Pump Company and Hawley any recovery against Rosse for his proportionate share of the cost of production incurred by the lessees. Rosse excepted to the judgment and gave notice of appeal to the Fourth Court of Civil Appeals at San Antonio.

At Rosse's request, the Trial Court made and filed findings of facts and conclusions of law, to which Rosse filed exceptions and objections. The appeal was duly perfected to the Fourth Court of Civil Appeals.

In the interest of brevity, Charlie W. Rosse will be hereinafter referred to as appellant. Appellees Northern Pump Company, John B. Hawley, Jr. and Henry W. Volk, Jr. will be referred to as lessees. Appellees King Ranch, Trustee and Mrs. Louise E. Flato will be referred to as King Ranch and Flato and appellees Florence Arnold East, Allen B. East, Annie Mae East, Alice National Bank, Dr. McIver Furman, W. Preston Pittman and T. S. Scibienski, trustees under the last will and testament of Clara Driscoll, deceased, and Trustees of the Robert Driscoll, Julia Driscoll and Robert Driscoll, Jr. Foundations will be referred to as appellees.

Appellant predicates his appeal upon six points of error. The primary question for consideration is whether the mineral interest owned and asserted by appellant in the lands in controversy is a royalty interest as asserted by appellant or a participating mineral interest as asserted by appellees.

Appellant claims title to the interest retained by Oscar Rosse et ux. in their deed to Robert J. Kleberg, Trustee, dated April 6, 1920 wherein the grant as well as the reservation reads as follows:

"All of our right, title and equity in and to all of the oil, gas, coal, sulphur or other minerals, save and except an equal one-sixteenth (⅟₁₆) part, which we hereby reserve for ourselves, under and upon all of that certain lot, tract piece or parcel of land lying and being situated in Kleberg County, Texas, * * * Farm Lots numbered one (1), Two (2), Three (3), Four (4), Five (5), Six (6), Seven (7), and Eight (8), in Section numbered Forty-one (41), of the Kleberg Town and Improvement Company's Subdivision of lands *on* Kleberg County, Texas * * * together with the right of *agrees*[1] and ingress."

1. All parties seem to concede that the word "agrees" is a mispelling of egress.

Prior to the execution of this deed Oscar Rosse and wife on October 30, 1919 executed and delivered to Charles H. Flato, Jr. et al. an oil, gas and mineral lease on lots 3 to 6, inclusive, of Block 41 and on February 9, 1920 Oscar Rosse and wife executed a deed to Robert J. Kleberg, Trustee of "an undivided equal one half (½) interest to all of" their right, title and equity in and to the "oil, gas, coal, sulphur and other minerals under or upon" Lots 1 to 8, inclusive, Block 41.

By deed dated June 15, 1925 Oscar Rosse and wife conveyed to Charlie W. Rosse, appellant, Lots 1 to 8, inclusive, Block 41, the deed providing that:

"* * * there is also conveyed hereby a one-sixteenth (⅟₁₆th) undivided interest in and to all the oil, coal, gas, sulphur or other minerals under or upon the above described land which is all of the interest of the grantors herein in and to the oil, coal, gas, sulphur or other minerals under or upon the above described land."

Appellant asserts that the interest thus conveyed to him constitutes a ⅟₁₆th royalty interest in and to all of the oil, gas and other minerals in and under and which have been or will hereafter be produced from Lots 1 to 8, inclusive, Block 41, Kleberg Town and Improvement Company's Subdivision. We are of the opinion that appellant's contention is erroneous.

In Murphy v. Dilworth, 137 Tex. 32, 151 S.W.2d 1004, the Supreme Court in construing a reservation in a deed reading as follows:

"Grantors expressly reserve unto themselves for a period of fifteen years from the date hereof an undivided one-sixteenth interest and estate in and to all of the minerals of every character, including oil and gas, in and under and appurtenant to all of the above described property, and said undivided interest in said minerals is not intended in any wise to be conveyed hereby, but the same is hereby excepted from this conveyance:"

held that the reservation contained in the deed was plain and unambiguous and reserved an undivided ⅟₁₆th interest in the minerals in and under the land and "makes no reference whatever to any royalty to be paid under any existing or subsequent lease." At the time the deed containing the reservation was executed, the grantor had executed a 10-year oil and gas mining lease in the usual form.

■ The reservation by Oscar Rosse and wife in their deed to Robert J. Kleberg, Trustee is a plain and unambiguous reservation of an undivided ⅟₁₆th interest in the minerals under the lands conveyed "and makes no reference whatever to any royalty to be paid under any existing or subsequent lease" and under the rule announced in Murphy v. Dilworth, supra, constitutes the reservation of a participating mineral interest and not a royalty interest. Appellant's third point of error is overruled.

Upon the trial appellant offered evidence, both oral and documentary, for the purpose of showing that the reservation in the deeds from Oscar W. Rosse et ux. to Robert J. Kleberg, Trustee, and from Oscar Rosse et ux. to appellant was interpreted both by appellant and his predecessor in title as well as the lessors and lessees under prior oil and gas leases to be a nonparticipating royalty interest rather than a participating mineral interest but the Trial Court sustained objections to the introduction of such testimony. Appellees also offered evidence of subsequent interpretation or construction by appellant and his predecessors in title that the reservation had been interpreted to be a participating mineral interest instead of a nonparticipating royalty interest. Appellant objected to the introduction of such evidence, which objections were overruled by the Trial Court who found as a fact that the interested parties had interpreted the reservation as being a participating mineral interest rather than

a nonparticipating royalty interest and "that it was so intended by the parties."

In Murphy v. Dilworth, supra, it was held that where the terms of a written contract are plain and unambiguous, parol evidence is inadmissible to vary its terms or show the construction placed upon it by the parties at the time of or subsequent to the making of the contract. None of the pleadings in the case at bar allege fraud in the execution of the deed or accident or mistake in reducing it to writing. Therefore, the fact that the grantors may have intended to make a different reservation than that contained in the deeds or afterwards believed that they had actually reserved a $\frac{1}{16}$th nonparticipating royalty interest instead of a participating mineral interest in the minerals conveyed by the deed is immaterial.

The Trial Court properly excluded the evidence offered by appellant to show the interpretation of the reservation but committed error in permitting appellees to introduce evidence in support of the interpretation that the reservation was that of a participating mineral interest rather than a nonparticipating royalty interest over proper objections by appellant. As a result the Trial Court's findings of fact based upon inadmissible evidence must be disregarded. Appellant's first and second points of error are sustained and his fourth point of error is overruled as are appellees' second and third counterpoints.

As stated above, appellees and King Ranch, Trustee and Flato and their predecessors in title to the owners of $\frac{15}{16}$ths of the mineral interest therein as lessors executed an oil, gas and mineral lease to W. R. Lokey as lessee on Lots 1 to 8, inclusive, Block 41, the properties involved herein, which lease reserved a royalty of $\frac{1}{8}$th of all the oil, gas or other minerals except sulphur in favor of the lessors. This lease was subsequently acquired by appellees, Northern Pump Company and John B. Hawley, Jr. as lessees.

Paragraph 12 of the Lokey lease contains the following provision:

"It is understood and agreed that this lease is subject to that certain mineral interest reserved and excepted by Oscar Rosse and wife, Christine Rosse, in that certain deed dated April 26, 1920, to Robert J. Kleberg, Trustee, appearing of record in Volume 13, on pages 312–313, Deed Records of Kleberg County, Texas, to which reference is here made for complete description thereof. However, the Lessors agree to hold Lessee harmless from such an interest so excepted and hereby agree that such interest as the said Oscar Rosse and Christine Rosse reserved in said deed shall be deducted from and charged against the royalty interest to be paid the Lessors as set out in paragraphs 3 and 10 above."

Appellant contends under his fifth point of error that he is entitled to be paid the royalty of $\frac{1}{16}$th of all the oil, gas and other minerals provided to be paid under the terms of the Lokey lease since appellees as lessors and lessees or their predecessors in title are bound by the lease. Appellees by their fifth counterpoint counter this contention by asserting that appellant judicially admitted in his first amended original petition that his interest was bound by the terms and provisions of the Lokey lease and therefore is entitled as between him and appellees only to a share of $\frac{1}{16}$th of $\frac{2}{3}$rds of the $\frac{1}{8}$th royalty interest inuring to the lessors thereunder.

The judicial admission referred to reads as follows:

"Plaintiff alleges that defendants, Northern Pump Company and John B. Hawley, Jr., have been and are now claiming to have acquired and own the above described oil, gas and mineral lease from W. R. Lokey in some manner and in some proportion plaintiff cannot now allege, but plaintiff does allege that both Northern Pump Company and John B. Hawley, Jr., *as well*

*as all other parties hereto,* have been and are now bound by the terms and provisions of said lease.

"That oil and gas have been heretofore discovered on and have been and are now being produced from the above described land under the aforesaid lease which has been and is now in force and effect." (Italics supplied.)

The Trial Court concluded as a matter of law that:

"2. The Plaintiff, Charlie W. Rosse, as the successor to the interest so reserved by Oscar, et ux, and such interest, are bound by and subject to the terms of the oil, gas and mineral lease above referred to, the said Charlie W. Rosse having by his pleadings as a matter of law ratified and adopted such lease, and is estopped by his pleadings on which this case went to trial to herein contend otherwise."

In support of their fifth point appellees cite Sec. 1144, McCormick & Ray, Texas Law of Evidence, which states that the pleadings in a case for the purpose of use in that case are to be regarded as judicial admissions rather than ordinary admissions since they are not evidence but a waiver of evidence.

■ Formal judicial admissions are really substitutes for evidence and such admissions include *facts* admitted by pleadings, by an agreed statement of facts, or by formal declarations in open court by a party or his attorney such as waiver of proof of certain facts. Sec. 1127, McCormick & Ray, Texas Law of Evidence. Judicial admission is a "waiver of proof" of a fact during the course of a judicial proceeding. United States Fidelity & Guaranty Co. v. Carr, Tex.Civ.App., 242 S.W.2d 224, 229, error ref.

■ The so-called admission was based upon and coupled with the fact that appellant erroneously believed, and alleged, that as a matter of law the reservation which he acquired, the deed from Oscar Rosse et ux., was a nonparticipating royalty instead of a participating mineral interest. So treated, as we believe it must be, the admission is self serving and one which appellees deny. Appellees' contention under their fifth counterpoint is without merit.

■ Since we have held that the ⅛₆th mineral interest reserved in the deeds by Oscar Rosse et ux. to Robert J. Kleberg, Trustee and to appellant is a participating mineral interest and not a royalty interest, such mineral interest is subject to the rules of law governing participating mineral interests owned by co-tenants. The rule in Texas in oil and gas cases is that a co-tenant producing oil or gas must account to his co-owners for the value of the oil or gas produced less the reasonable cost of producing and marketing. Burnham v. Hardy Oil Co., Tex.Civ.App., 147 S.W.2d 330, 334; aff. 108 Tex. 555, 195 S.W. 1139; White v. Smyth, 147 Tex. 272, 214 S.W.2d 967, 975, 981, 5 A.L.R.2d 1348.

■■ A tenant in common has the right to occupy the entire joint property but if he removes oil or gas he must account to the co-tenant for the value of the proportionate shares of the oil and gas upon one of two bases: (1) If the taking of the oil and gas is with the knowledge and *consent* of the co-tenant he must pay the usual and customary royalty for oil and gas in place in the vicinity of the premises but (2) if the removal of the oil and gas is without express permission of the co-tenant, the taker must account to the co-tenant by paying the value of the co-tenant's proportionate share of the oil and gas at the mouth of the well, since he is regarded as a trespasser. Texas & Pacific Coal & Oil Co. v. Kirtley, Tex.Civ.App., 288 S.W. 619, 622, error ref.

In the instant case, appellant did not join with the appellees and King Ranch, Trustee and Flato or their predecessors in

title in the execution of the Lokey lease nor was appellant estopped to claim his 1/16th participating mineral interest under the Lokey lease which specifically provided in paragraph 12 that it was executed *"subject to"* such mineral interest.

■■■ The use of the words "subject to" as used in a mineral deed means "subordinate to", "subservient to", or "limited by" and is a term of qualification and not of contract. Kokernot v. Caldwell, Tex.Civ.App., 231 S.W.2d 528, 531, error ref. Appellant not being a party to or having adopted the Lokey lease but merely claiming the 1/16th mineral interest which was subservient to the lease did not thereby adopt the other provisions of the lease relating to the payment of the 1/8th royalty to the lessors.

■ However, as a co-tenant holding a 1/16th participating mineral interest his share of the oil and gas produced therefrom is properly chargeable with his proportionate share of the cost and expenses entailed by the lessees in the exploration, drilling and production of oil and gas therefrom. Appellees admit in their briefs that if appellant is not bound by the lease as found by the Trial Court, his share of the proceeds of the production are properly chargeable with his proportionate share of such cost and expenses.

As above stated, no evidence was offered by any of the parties as to the costs incurred by lessees in the production of the oil or gas under the Lokey lease although appellees alleged in their answers and cross action that the lessees had incurred reasonable, proper and necessary expenses in the development and operation of the lease as of November 30, 1959 in the sum of approximately $308,080.96, which expenditures had inured to the benefit of appellant as a co-tenant and that the total production of both oil and gas by the lessees amounted to $145,874.72. Appellees alleged that they had at all times recognized the ownership by Oscar Rosse et ux. or

their successors in interest of 1/16th of such production less 1/16th of the necessary and reasonable expense incurred in the production and marketing thereof and that the lessees had been so notified from time to time. Appellees further alleged that under the terms of the lease lessees were and are obligated to pay lessors the 1/8th royalty therein set out "less the portion to which appellant may be entitled as owner of 1/16th of the minerals as distinguished from 1/16th as royalties" and therefore the lessees were and are obligated to account to appellees for that part of the cost and expenses with which appellant's 1/16th mineral is chargeable, which allegation constituted a judicial admission of facts by appellees.

However, the Trial Court, for some reason not apparent from the record, having found that the interest claimed by appellant was a 1/16th participating mineral interest instead of a royalty interest but having erroneously decided that appellant had adopted the terms of the Lokey lease thereby changing his 1/16th participating mineral interest into a 1/16th nonparticipating royalty interest in the 1/8th royalty reserved to appellees and King Ranch, Trustee and Flato under the Lokey lease, proceeded to make awards to appellant, appellees and King Ranch, Trustee and Flato of various fractional shares of such royalty.

The judgment entered by the Trial Court allocated and awarded the mineral interests in the property involved as follows: 1/8th of 15/16ths to appellees Dr. McIver Furman, W. Preston Pittman and T. S. Scibienski, Trustees under the last will and testament of Clara Driscoll, Deceased, and Dr. McIver Furman, W. Preston Pittman and T. S. Scibienski, Trustees of the Robert Driscoll and Julia Driscoll and Robert Driscoll, Jr. Foundations; 1/4th of 15/16ths to appellee Mrs. Florence Arnold East; 1/4th of 15/16ths to appellees Allen B. East and wife, Annie Mae East, subject to the lien of appellee Alice National Bank. The judgment further held that as between appellant and

appellees, King Ranch, Trustee and Mrs. Louise E. Flato the reservation in the deeds by Oscar Rosse et ux. to Robert J. Kleberg, Trustee, as appellant "became a nonparticipating royalty interest" to the extent of ⅓rd to be a burden upon the ⅓rd mineral interest of appellees King Ranch, Trustee and Mrs. Louise E. Flato. The Court then ordered appellees Northern Pump Company and John B. Hawley, Jr. to distribute the ¼6th of the proceeds of the sale of the mineral production held by them as stakeholders in the following manner: ³²⁄₁₁₅₂nds to appellant and to appellees ⁴⁰⁄₁₁₅₂nds. Appellees King Ranch, Trustee and Mrs. Louise E. Flato were not awarded any shares in the proceeds of the production held by the lessees as stakeholders.

Since the Trial Court erroneously held that appellant had adopted the Lokey lease and by such adoption his participating mineral interest had by some process of transmogrification changed into a nonparticipating royalty interest, the judgment awarding and allocating the various portions of the mineral interests and the royalty interests above set forth was in error.

The judgment of the Trial Court is reversed and this cause remanded for a new trial upon which evidence should be offered to show the amount of the reasonable and necessary costs and expenses incurred by appellees Northern Pump Company and John B. Hawley, Jr. in the exploration, production and marketing of the oil and gas produced from Lots 1 to 8, inclusive, Block 41, Kleberg Town and Improvement Company's Subdivision, in Kleberg County, Texas, under the Lokey lease and the amount of the proportionate share thereof to be borne by appellant Charlie W. Rosse by virtue of his ¼6th participating mineral interest therein; the amount of the proceeds received from the oil and gas heretofore produced under such lease, and if desired by appellees Northern Pump Company and John B. Hawley, Jr. as lessees and all other appellees as lessors for an adjudication of their respective interests under the clause contained in paragraph 12 of the Lokey lease whereby the appellees lessors agree to hold the appellees lessees harmless from the participating mineral interest owned by appellant by deducting such interest from and charging it against the royalty interest to be paid to the lessors, all of the parties being granted leave to amend their respective pleadings and upon the trial to offer additional evidence in support thereof without any limitation as to any additional issues of law or fact thereunder.

All costs of Court are taxed against appellees Florence Arnold East, Allen B. East, Annie Mae East, Alice National Bank, Dr. McIver Furman, W. Preston Pittman and T. S. Scibienski, Trustees under the last will and testament of Clara Driscoll, Deceased, and Trustees of the Robert Driscoll, Julia Driscoll and Robert Driscoll, Jr. Foundations.

Reversed and remanded with instructions.